# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MCK Exports, LLC, an Arizona limited liability company, by Maricarmen Salazar, its sole member,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Wal-Mart Stores, Incorporated,<br><br>　　　　　　　　Defendant. | No. CV-13-00156-TUC-DCB (DTF)<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Summary Judgment, based on the statute of limitations and laches, with supporting statement of facts and supplemental affidavit of Harley Jarvis. (Docs. 19, 20, 29.) Plaintiffs filed an opposition, statement of facts and supplementary declaration. (Docs. 23, 24, 30.) Defendant filed a reply. (Doc. 27.) Pursuant to the Rules of Practice in this Court, the matter was assigned to Magistrate Judge Ferraro for a report and recommendation. The Magistrate recommends the District Court, after its independent review of the record, enter an order granting the motion for summary judgment based on the statute of limitations and deny it with respect to laches.

**SUMMARY JUDGMENT STANDARD**

In deciding a motion for summary judgment, the Court views the evidence and all

reasonable inferences therefrom in the light most favorable to the party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1289 (9th Cir. 1987). Summary judgment is appropriate if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

**FACTS**

The material facts are undisputed. Plaintiff admits almost the entirety of the brief factual statement put forth by Defendant. For purposes of this motion, Defendant does not dispute Plaintiff's factual allegations.[1]

Maricarmen Salazar founded Plaintiff MCK Exports LLC in the mid-2000s, for the purpose of doing business in Mexico. (Doc. 24, Ex. 2 ¶ 4.) Plaintiff is an Arizona limited liability company that no longer conducts any business operations. (Doc. 1-3 ¶ 2.) Plaintiff and Defendant engaged in a series of business transactions between January 4, 2007, and June 29, 2007. (*Id.* ¶¶ 7-9.) Plaintiff would order goods from Defendant and then resell them in Mexico. (Doc. 20, Ex. A ¶ 3; Doc. 24, Ex. 2 ¶¶ 5, 6.) Defendant shipped all of the goods from its warehouse stores in Laredo, Texas, and Plaintiff

---

[1] Plaintiff includes facts and a discussion on Defendant's allegation that Plaintiff is forum shopping. Because Defendant does not dispute that the case is properly filed in this Court, the Court does not include those facts or discuss the issue.

received all of the goods at its locations in Laredo, Texas. (Doc. 20, Ex. B ¶ 4 & Ex. 1; Doc. 24, Ex. 2 ¶ 6.) In 2007, Salazar was personally sued by a former partner who had provided a letter of credit in favor of Defendant to secure the purchases made by MCK Exports. (Doc. 24, Ex. 2 ¶ 10.) The partner sought to recover from Defendant funds drawn on his letter of credit. (*Id.*) Certain individuals with first-hand knowledge of the events and circumstances at issue in this litigation are no longer employed by, or under the control of, Defendant. (Doc. 20, Ex. A ¶ 6.)

In 2008, Salazar avers she was pregnant with twins, experiencing extreme health problems and unable to work. (Doc. 24, Ex. 2 ¶ 7.) On February 1, 2008, Plaintiff filed a petition for voluntary protection under Chapter 7 of the United States Bankruptcy Code in the Southern District of Texas, thereby commencing bankruptcy case 5:08-50020. (Doc. 20, Ex. B, Ex. 2.) The petitioner listed Plaintiff's street address and mailing address in Laredo, Texas and Plaintiff's principal place of business in Webb County, Texas. (*Id.*; Doc. 1-3 ¶ 12.) Salazar turned the business and all of its records over to the Chapter 7 Trustee, and she had no involvement with it during 2008 and 2009. (Doc. 24, Ex. 2 ¶¶ 8, 9.) During 2008 and 2009, Salazar divorced, began raising her daughters on her own, and nearly died from medical issues. (*Id.* ¶ 9.) From her pregnancy in 2007 through 2010, her doctor attests she was nearly completely disabled and was unable to effectively communicate or manage her business affairs. (Doc. 30, Ex. 1; Doc. 24, Ex. 2 ¶ 9.)

In July 2009, Salazar and an attorney representing her contacted Defendant telephonically regarding alleged overcharges against Plaintiff's business account. (Doc. 29 ¶¶ 3-4.) On October 26, 2009, that lawyer sent a letter to Defendant's legal department

asserting a $24,600 overpayment. (Doc. 29, Ex. A.) In December 2010, a different attorney wrote a letter on Salazar's behalf to Defendant's legal department about the same overpayment. (*Id.*, Ex. B.)

Salazar avers that she reviewed some records, in 2011, and determined that Defendant had drawn on both a line of credit provided by a former business partner as well as a line of credit provided by Salazar, wrongfully taking more than $300,000. (Doc. 24, Ex. 2 ¶ 11.) Salazer contacted attorneys who were unable to assist her. (*Id.* ¶ 12.) In December 2011, the Udall law firm informed her that the claims against Defendant belonged to Plaintiff MCK Exports and the bankruptcy case. (*Id.* ¶ 13.) Therefore, she had to request that the bankruptcy be re-opened so the bankruptcy estate could decide whether to prosecute or abandon the claims. (*Id.*) Beginning in January 2012, the Udall law firm began that process and, ultimately, the bankruptcy was reopened in July 2012, and a new trustee appointed. (*Id.* ¶ 14; Doc. 24, Ex. 1 ¶¶ 2-6.) On July 16, 2012, Plaintiff brought an action against Defendant in the Superior Court of Arizona, Pima County, under Case No. C20124359. (Doc. 20, Ex. B ¶¶ 7-8 & Ex. 3.) Plaintiff filed the suit on the theory that the Trustee would timely move to pursue the claims. (Doc. 24, Ex. 1 ¶ 9.) When that did not happen, the case was dismissed on December 7, 2012. (Doc. 20, Ex. B ¶ 8 & Ex. 3; Doc. 24, Ex. 1 ¶ 9.)

On January 28, 2013, after numerous inquiries from Salazar and her counsel, the Trustee decided not to pursue the claims against Defendant and the bankruptcy was closed. (Doc. 24, Ex. 1 ¶ 7-8, Ex. 2 ¶ 15.) On February 12, 2013, Plaintiff commenced the instant action in state court, alleging breach of contract, breach of the implied duty of

good faith and fair dealing, and unjust enrichment. (Doc. 1-3 at 2-9.)

**DISCUSSION**

Defendant argues that all of Plaintiff's claims are barred by the applicable statutes of limitation and the defense of laches. Plaintiff argues its claims are timely because the limitations period is extended based on the discovery rule, and that it is entitled to equitable tolling of the limitations period. Further, Plaintiff contends laches does not apply.

**Statute of Limitations**

Defendant contends Plaintiff's three claims accrued as of June 29, 2007, when the business dealings between Plaintiff and Defendant ended. Plaintiff makes a cursory argument that the claims accrued at a later date based on the discovery rule. (Doc. 23 at 8-9.) The "discovery rule" provides that "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 898 P.2d 964, 966, 182 Ariz. 586, 588 (1995). Because Plaintiff should have known the facts underlying these claims in June 2007, the discovery rule does not operate to extend the accrual time.[2]

Salazar asserts in her affidavit that when she reviewed the records to which she had access, she discovered the financial discrepancy. Thus, with reasonable diligence she

---

[2] The discovery rule has no application to Petitioner's contract claims because those limitations statutes include a time of accrual, *see* §§ 47-2725 (covering sales contracts), 12-544 (covering contracts between merchants). *Gust, Rosenfeld & Henderson*, 898 P.2d at 966 n.1, 182 Ariz. at 588 n.1 (finding the court could discern accrual time only because legislature did not specify one).

- 5 -

could have discovered it much sooner. There is no factual dispute that Plaintiff possessed all of the business records, and could have discovered the claims, at the time business with Defendant concluded in the summer of 2007, or any time prior to the February 2008 bankruptcy filing. Further, Salazar stated she was sued in 2007 by a former partner based on Defendant drawing on that partner's letter of credit. (Doc. 24 ¶ 19.) At that point, if she had reviewed the records, she would have discovered the alleged financial discrepancy. The discovery rule only applies when the injury is difficult to detect. *Gust, Rosenfeld & Henderson*, 898 P.2d at 968, 182 Ariz. at 590 (extending the discovery rule from tort cases to contract cases and noting it is most often applied when the defendant is in a superior position to know of the injury). There are no facts suggesting this injury was not readily discoverable. Plaintiff does not argue otherwise. Because the discovery rule is inapplicable, Plaintiff's claims accrued as of June 29, 2007.

The parties agree that a federal court sitting in diversity applies the choice of law rules of the forum state, *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002), in this case Arizona. Arizona applies the Restatement of Conflict of Laws. *Bates v. Superior Ct.*, 749 P.2d 1367, 1369, 156 Ariz. 46, 48 (1988).

The relevant choice of law provision of the Restatement provides:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
> (1) The forum will apply its own statute of limitations barring the claim.
> (2) The forum will apply its own statute of limitations permitting the claim unless:

- 6 -

> (a) maintenance of the claim would serve no substantial interest of the forum; and
> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

Restatement (Second) of Conflict of Laws § 142 (1988 rev.).

The parties do not agree on which state's statutes of limitations govern, Arizona or Texas. Looking first at the forum's law, the relevant limitations periods in Arizona for the claims—breach of the implied duty of good faith and fair dealing, unjust enrichment, and breach of contract—are two, three and four years. A.R.S. §§ 12-542, 12-543(1), 12-544(2), 12-550, 47-2725(A). Thus, the last claim expired on June 29, 2011, and this suit was filed in February 2013. Therefore, Plaintiff's claims are all barred under Arizona's statutes of limitation. If the claims are barred under the forum's law, then the Court applies that state's law and imposes a bar. Restatement (Second) of Conflict of Laws § 142(1) (1988 rev.). Neither party argues that exceptional circumstances make that result unreasonable.[3] Therefore, absent equitable tolling, Plaintiff's claims are all time barred.

**Equitable Tolling**

MCK argues the Court should apply equitable tolling with respect to the limitations periods based on two primary issues: Ms. Salazar's health and personal issues, and MCK Export's bankruptcy. Nothing presented by Plaintiff establishes that she was

---

[3] Defendant goes on to analyze subsection two of § 142, arguing that Arizona has no interest in maintaining the action and that Texas has a more significant relationship to the parties and events. The Court does not reach that analysis because subsection one fully resolves the choice of law question, directing the application of Arizona law. Further, the resolution of these issues is somewhat academic as the parties agree that the relevant law is not substantively different between Arizona and Texas.

- 7 -

unable to retain a lawyer for purposes of bringing this suit before the limitations period expired.

Plaintiff bears the burden of establishing that a limitations period should be tolled, and the resolution of this issue is a matter for the Court. *McCloud v. Arizona Dep't of Pub. Safety*, 170 P.3d 691, 694-95, 217 Ariz. 82, 85-86 (Ct. App. 2007). Plaintiffs may bring an action after expiration of the limitations period "if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Id.* at 696, 217 Ariz. at 87 (quoting *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999)). Equitable tolling is to be used sparingly but may be applied "when extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."[4] *Id.* (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). Examples of extraordinary circumstances are a lack of clarity in the law or an attorney lying to a diligent client. *Id.*

In *McCloud*, the court held that illness of an attorney would typically be an insufficient garden variety claim of excusable neglect but in an extraordinary case might warrant equitable tolling. *Id.* at 697, 217 Ariz. at 88. In that case, counsel provided detailed facts with supporting evidence regarding the fact that he experienced two unexpected family deaths and three personal surgeries leading up to the expiration of the one-year limitations period. 170 P.3d at 694, 217 Ariz. at 85. Counsel's backup attorney

---

[4] Equitable tolling also may be available when a defendant affirmatively misled a person from recognizing a legal action or timely pursuing relief. *Porter v. Spader*, 239 P.3d 743, 747, 225 Ariz. 424, 428 (Ct. App. 2010). There are no such allegations in this case.

- 8 -

was diagnosed with tuberculosis and took a leave without seeking an extension. *Id.* The court found this was insufficient for equitable tolling because, while neglect was understandable in those circumstances, counsel was not unexpectedly incapacitated and could have taken steps to mitigate the effect on his cases. *Id.* at 698, 217 Ariz. 89.

First, Plaintiff argues she has had, and continues to have, a significant illness; one of her children has been seriously and continuously sick; her finances were ruined and she is living on public aid; and she went through a divorce. Second, these claims belonged to the bankruptcy court and not until they were abandoned in that court did Ms. Salazar have the right to pursue them, which she promptly did. Taking these issues together, Petitioner argues this is not a matter of garden variety excusable neglect but extraordinary circumstances sufficient to warrant tolling.

The Court finds that Salazar's personal and health issues do not amount to extraordinary circumstances as discussed in *McCloud*. Salazar relies upon several events in her life to support her argument that she could not have filed this suit. These events and others, however, create the opposite inference and demonstrate that it was not impossible for Plaintiff to timely file these claims. Salazar engaged in various other legal proceedings during the time she alleges to have been incapacitated and unable to pursue these legal claims. Through the first half of 2007, when these claims accrued, Plaintiff was actively doing business with Defendant. Beginning on an unspecified date in 2007, she began participation in a lawsuit brought against her by a former partner. Further, she placed MCK Exports into bankruptcy in February 2008. Salazar relies on the fact that she got divorced and obtained public aid as grounds for equitable tolling; however, both of

those occurrences required her to take affirmative steps on her own behalf. Further, evidence supplied by Defendant demonstrates that, in July and October 2009, and December 2010, Plaintiff sought assistance from two different attorneys regarding an alleged overpayment to Defendant. Although Plaintiff may well have been in ill health and overwhelmed by personal matters, she was able to take numerous affirmative actions during this time period.

In *McCloud*, the plaintiff cited the fact that counsel had surgery the day before the limitations period expired. 170 P.3d at 698, 217 Ariz. at 89. The court found that was insufficient because no evidence established that the surgery was an emergency and counsel could not have taken steps to protect the plaintiff. *Id.* (noting that evidence establishing the surgery was unexpected might have supported equitable tolling). Here, Plaintiff had up to four years to pursue these claims. There is no evidence that anything acute occurred at the time the limitations periods were expiring.

In contrast to the plaintiff in *McCloud*, Plaintiff failed to provide detailed evidence to support her assertions. 170 P.3d at 696, 217 Ariz. at 87 ("a petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments") (quoting *Collins v. Artus*, 496 F. Supp.2d 305, 313 (S.D.N.Y. 2007)). Salazar's doctor states that she was "nearly completely disabled" from her pregnancy in 2007 through 2010. Her doctor also states that she has current diagnoses of migraines, severe fibromyalgia and lumbar disc herniation at L3. (Doc. 30, Ex. 1.) However, neither the doctor nor Salazar state whether those are the same medical conditions alleged to be disabling from 2007 through 2010, and, if so, when they were diagnosed. Common

knowledge does not suggest that migraines, fibromyalgia or a herniated disc would significantly limit a person's ability to communicate. The Court cannot discern what condition(s) was life-threatening or impaired her ability to communicate over the course of several years. The evidence provided leaves Salazar's physical condition unclear to the Court; however, during this time she was able to care for her twins, one of whom has a chronic illness.

The bankruptcy also does not provide grounds for equitable tolling. As an initial matter, while the bankruptcy was proceeding, the claims belonged to the Trustee and Salazar's personal issues were irrelevant. Plaintiff relies on a case that found equitable tolling while Plaintiff exhausted administrative remedies. *Third & Catalina Assoc. v. City of Phoenix*, 895 P.2d 115, 119, 182 Ariz. 203, 207 (Ct. App. 1995). The Court does not find this case analogous. Unlike exhaustion, which must be completed prior to bringing a legal action, MCK Exports, by way of the Trustee, had the right to bring this action during the pendency of the bankruptcy. At the time Plaintiff filed for bankruptcy in February 2008, none of the limitations periods had expired. Therefore, the time for the Trustee to bring the action ran until the later of the end of the limitations periods (the last one expired in June 2011) or two years after the bankruptcy was commenced (February 2010). 11 U.S.C. § 108(a). If Salazar had sought to pursue these claims before the expiration of the limitations periods, she might have qualified for equitable tolling for the period during which the Trustee chose to pursue or abandon this claim. However, all the statute of limitations had run before she sought to reopen the bankruptcy for that purpose.

Considering the personal difficulties of Salazar as well as the bankruptcy of MCK

- 11 -

Exports, the evidence does not establish extraordinary circumstances that prevented Plaintiff from filing before the expiration of the statute of limitations. Therefore, the Court does not find Plaintiff entitled to equitable tolling.

**Laches**

The Court now turns to Defendant's second ground for summary judgment. Defendant argues that Plaintiff's claims are barred by the doctrine of laches. In evaluating laches, the Court applies the state's law selected by application of § 142 of the Restatement, in this case Arizona. Restatement (Second) of Conflict of Laws § 142 cmt. d (1988 rev.). The defense of laches requires showing (1) unreasonable delay in asserting the claim; and (2) prejudice to the defendant as a result of the delay. *Harris v. Purcell*, 973 P.2d 1166, 1169, 193 Ariz. 409, 412 (1998).

The Court finds this defense can be resolved solely by evaluating the issue of prejudice. Prejudice may be demonstrated by "showing injury or a change in position as a result of the delay." *League of Arizona Cities and Towns v. Martin*, 201 P.3d 517, 519, 219 Ariz. 556, 558 (2009). Defendant argues that its ability to defend against this suit has been impaired because individuals with first-hand knowledge of the business dealings between Plaintiff and Defendant are no longer employed by Defendant. Thus, Defendant asserts that, due to the passage of time, witnesses may be unavailable or have limited memory of the events. Plaintiff counters that the resolution of this case is a simple matter of accounting and no personal recollection is required.

The Complaint alleges that Defendant engaged in improper accounting by failing to credit certain payments made by Plaintiff and improperly executing upon a letter of

credit held by Plaintiff. (Doc. 1, Ex. A at 5.) As asserted by Plaintiff, defense of this suit rests primarily on records that Defendant presumably continues to maintain in the ordinary course of business. Defendant has not suggested it does not possess all of the relevant records, and it did not counter Plaintiff's argument—that this claim rests primarily on business records—in its Reply. (Doc. 27 at 10.) Defendant has failed to establish that it has been actually prejudiced by the timing of this lawsuit, therefore, its defense of laches fails.

## RECOMMENDATION

Based on the foregoing, the Magistrate Judge recommends the district court find Plaintiff's claims are barred by the statute of limitations, grant summary judgment to Defendant and dismiss the case.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived.

Dated this 30th day of April, 2014.

*[signature]*

D. Thomas Ferraro
United States Magistrate Judge