# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| MCK Exports, LLC, an Arizona limited liability company, by Maricarmen Salazar, its sole member,<br><br>　　　　　　Plaintiffs,<br>v.<br>Wal-Mart Stores, Incorporated,<br>　　　　　　Defendant. | CV 13-156-TUC-DCB<br><br>**ORDER** |

This matter was referred to Magistrate Judge D. Thomas Ferraro on June 3, 2013, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). On April 20, 2014, Magistrate Judge Ferraro issued a Report and Recommendation (R&R).[1] He recommends that the Court grant the Defendant's Motion for Summary Judgment because this action is barred by the statute of limitations. He was not persuaded by Defendant's argument that the case is barred by laches.

The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and grants summary judgment for Defendant.

## STANDARD OF REVIEW

The duties of the district court in connection with a R&R by a Magistrate Judge are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "'[a] judge of the [district] court

---

[1] The R&R is captioned as an "Order," but by its analysis it is clearly a R&R.

shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)).

This Court's ruling is a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1)(C); *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*). To the extent that no objection has been made, arguments to the contrary have been waived. Fed. R. Civ. P. 72; *see* 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation), *see also McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation)).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also,* Fed. R. Civ. P. 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the Objection filed by the Plaintiff, the Defendant's Response to the Objection, and the parties' briefs considered by the Magistrate Judge in deciding the Motion for Summary Judgment.

## OBJECTION

The Plaintiff asserts the Magistrate Judge erred in recommending summary judgment for Defendants because the record is deficient to support a finding that her medical condition did not warrant equitable tolling of the statute of limitations periods applicable to Plaintiff's claims. "[I]n Arizona for the claims—breach of the implied duty of good faith and fair dealing, unjust enrichment, and breach of contract—are two, three and four years. A.R.S. §§ 12-542, 12-543(1), 12- 544(2), 12-550, 47-2725(A)." (R&R (Doc. 31) at 7.) Plaintiff asserts she has obtained her voluminous medical records and needs time to compile the

record, which she asserts will show she was precluded from filing her case within the statute of limitation time periods due to health issues. Plaintiff asks for time to depose her physician. Plaintiff argues it was error to decide the summary judgment without developing this record.

Plaintiff, however, failed to assert any need for discovery before the Magistrate Judge. There, she argued: "[T]his case is ripe for the application of equitable tolling to allow the claims to survive the instant motion for summary judgment." (Response (Doc. 23) at 2.) Plaintiff did not seek the discovery, pursuant to Fed. R. Civ. P. 56(d), which she now asserts to be imperative to respond to the Motion for Summary Judgment. In her Response, Plaintiff attested to her daughter's chronic serious medical condition and her own serious life-threatening medical condition. *Id.,* Ex. 2: Salazar Affid. ¶ 3. Plaintiff provided a statement from her doctor: that she currently suffers from significant medical problems, including migraine headaches, severe fibromyalgia, and lumbar disc herniation at L3. During her pregnancy in 2007 continuing through 2010, Plaintiff was nearly completely disabled by her medical conditions to the point of being unable to effectively communicate and manage or understand her business affairs. (P's Supplementary Declaration (Doc. 30)).

Nevertheless, the Magistrate Judge concluded that the action accrued in 2007, when Plaintiff attests she was sued by her business partner for damages resulting when Wal-Mart took funds from a letter of credit he had provided in favor of Wal-Mart for the purpose of securing purchases being made by Plaintiff from Wal-Mart. *Id.* ¶ 10. The Magistrate Judge reasoned: "At that point, if she had reviewed the records, she would have discovered the alleged financial discrepancy." (R&R at 6.) The discovery rule provides that a "'plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause.'" *Id.* at 5 (quoting *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of America*, 898 P.2d 964, 966 (Ariz. 1995)). "Because Plaintiff should have known the facts underlying these claims in June 2007, the discovery rule does not operate to extend the accrual time." *Id.* June 29, 2007, was the date business

- 3 -

dealings between Plaintiff and Defendant ended.  The last statute of limitations period ended June 29, 2011.

February 1, 2008, Plaintiff placed the business into bankruptcy and turned her business records over to the bankruptcy trustee.  Assuming she did not have access to MCK records during the bankruptcy proceeding, she had them "[i]n July 2009, [when] Salazar and an attorney representing her contacted Defendant telephonically regarding alleged overcharges against Plaintiff's business account. (Doc. 29 ¶¶ 3-4.) On October 26, 2009, that lawyer sent a letter to Defendant's legal department asserting a $24,600 overpayment. (Doc. 29, Ex. A.) In December 2010, a different attorney wrote a letter on Salazar's behalf to Defendant's legal department about the same overpayment. (Id., Ex. B.)"  (R&R at 3-4.)

The Court agrees with the Magistrate Judge that Plaintiff initiated multiple legal actions throughout the time period she now asserts she was incapable of acting to file this law suit. The Court notes that in addition to defending the suit brought by her partner in 2007, filing the bankruptcy proceeding, and securing counsel in 2009 and 2010 related to Wal-Mart overcharges, the Plaintiff also secured a divorce in 2008 and 2009.  The Court finds nothing uniquely challenging to distinguish this action from the others she pursued.  The Court agrees with the Magistrate Judge that Plaintiff could, likewise, have filed this action within this same time period.  The last statute of limitation period did not run until June 29, 2011.

The Court finds no need for further discovery to develop the medical record because whatever her infirmity, which the Court accepts as extremely severe, it did not totally incapacitate her– as is evidenced from the record of the legal efforts she did pursue during the relevant time period.

Plaintiff does not raise and so has waived any objection to the Magistrate Judge's finding that the bankruptcy proceeding did not provide a basis for tolling the statute of limitations.  The Court notes that MCK Exports, LLC is the Plaintiff in this case, not Salazar.  MCK Exports was represented by the bankruptcy trustee from the inception of the bankruptcy proceeding, February 2008, for approximately one year.  There are no

allegations regarding incapacity as to the trustee, and this claim could have been timely filed in 2008 by the trustee. The bankruptcy proceeding does not toll the running of the statute of limitations.

## CONCLUSION

After *de novo* review of the issues raised in Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion for Summary Judgment. The Court adopts it, and for the reasons stated in the R&R, the Court grants Defendant's Motion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the objections, the Magistrate Judge's Report and Recommendation (Doc. 31) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (document 19) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment, accordingly.

DATED this 24th day of July, 2014.

David C. Bury
United States District Judge